ORDERED in the Southern District of Florida on March 22, 2010.



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE:<br><br>SOL, LLC d/b/a SOL Sotheby's International Realty,<br><br><br>Debtor.      / | Case No.: 09-12684-BKC-AJC<br>Chapter 7 |
| ALAN L. GOLDBERG,<br>Trustee in Bankruptcy for SOL, LLC d/b/a SOL Sotheby's International Realty,<br>Plaintiff,<br>vs.<br>KURT BOSSHARDT,<br>Defendant. | Adv. Case No.:09-02351-BKC-AJC-A |

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE TO DISMISS WITH PREJUDICE**

This matter came before the Court on February 2, 2010, upon Defendant's "Motion for Judgment on the Pleadings or in the Alternative to Dismiss with Prejudice" (the "Motion for Judgment on the Pleadings" and the "Motion to Dismiss"). The Court, having reviewed the Motion for Judgment on the Pleadings and the Motion to Dismiss, the Plaintiff's Response and Objection thereto, having heard the argument of counsel, and having been otherwise fully advised in the premises, orders and adjudges as follows:

1. The Defendant's Motion to Dismiss is DENIED for the reasons stated on the record in open court.

2. The Defendant's Motion for Judgment on the Pleadings is DENIED based upon the following facts before the Court and applicable law:

## PROCEDURAL BACKGROUND

3. On February 18, 2009 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

4. Thereafter, the Trustee was appointed as the Chapter 7 Trustee for the Debtor.

5. On March 25, 2009, the Trustee conducted the section 341 Meeting of Creditors.

## FACTS

6. Prior to the Petition Date, the Debtor operated as a real estate broker.

7. Prior to the Petition Date, the Debtor acted as broker on behalf of South Ocean Drive, LLC, for the sale of the property located at 1 Isla Bahia Drive, Fort Lauderdale, Florida (the "Isla Bahia Property").

8. The seller, South Ocean Drive, LLC, was obligated to pay the Debtor a six percent commission based upon the purchase price of $17,000,000.00.

9. In or about April 2008, the sale of the Isla Bahia Property closed.

10. Kurt Bosshardt, Esq., was the attorney for the buyer of the Isla Bahia Property, SRUN Consultants, Inc., a Panama Corporation.

11. The deed transferring the Isla Bahia Property from South Ocean Drive, LLC to SRUN Consultants, Inc., is recorded in the Official Records of Broward County, Book 45374 Page 1000.

12. According to line 701 of the HUD 1 closing statement for the sale of the Isla Bahia Property, attached to the Complaint as Exhibit "A", Kurt Bosshardt received a three percent commission (half of the total six percent commission owed for the sale) equal to $510,000.00 (the "Commission") on the sale of the Isla Bahia Property.

13. Also according to the HUD 1 closing statement, the Debtor and Coldwell Banker split the other half (3%, equal to $510,000.00) of the total commission as cooperating brokers, each receiving $255,000.00.

14. Kurt Bosshardt ("Defendant") was not a licensed real estate salesperson or broker at the time that he received the $510,000.00 commission on the sale of the Isla Bahia Property.

*The Instant Adversary Proceeding*

15. The Trustee filed the Complaint commencing this Adversary Proceeding on November 18, 2009. The Complaint seeks the return of the $510,000 commission that the Defendant received alleging claims of unjust enrichment; common law constructive fraud; avoidance and recovery as a fraudulent transfer under the constructive fraud provisions of 11 U.S.C. §548, Section 726, Florida Statutes, and 11 U.S.C. §550 where the Debtor didn't receive reasonably equivalent value in exchange.

16. On December 17, 2009, the Defendant filed the Motion for Judgment on the Pleadings.

## DISCUSSION

### I. Standard for Judgment on the Pleadings

"Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law." *Mergens v. Dreyfoos,* 166 F.3d 1114, 1117 (11th Cir.1999). The court must accept all facts in the complaint as true and "'view them in the light most favorable to the nonmoving party'--here, the plaintiffs." *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998). "If upon reviewing the pleadings it is clear that the [moving party] would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Horsley v. Rivera,* 292 F.3d 695, 700 (11th Cir.2002).

### II. Defendant is not entitled to Judgment on the Pleadings

In this case, if all of the facts plead in Plaintiff's Complaint are assumed to be true and viewed in the light most favorable to Plaintiff, judgment on the pleadings for Defendant is inappropriate. Nowhere in the Motion for Judgment on the Pleadings has Defendant alleged that no issue of material fact remains unresolved. Rather, Defendant's unverified motion does not include any evidence or affidavits whatsoever and is based entirely upon unsubstantiated assertions and hearsay, raising *nothing but* issues of fact for which the Plaintiff is entitled to conduct discovery.

> a. *Florida Statutes, Chapter 475, exempts attorneys who are acting within the scope of their duties in performing the acts reserved for licensed Brokers, but requires those receiving commissions for performing such acts to be licensed in accordance with Chapter 475.*

The Plaintiff has alleged in its Complaint that the Defendant was not entitled to receive any part of the Commission because he was not a licensed real estate broker or salesperson at the time that the services for which the Commission was paid were performed or at the time of payment of the Commission, and therefore any agreement for him to receive the Commission was invalid/illegal/void pursuant to Section 475.41, Florida Statutes.

Chapter 475, Florida Statutes, regulates real estate brokers, sales associates, schools, and appraisers[1]. In doing so, Section 475.01(1)(a) defines the term "Broker[2]" and "Sales Associate" and specifically states that certain acts may only be performed by a person licensed as such. In this case, the Plaintiff alleges that the Defendant performed one or more of the acts listed on Section 475.01(1)(a), and reserved to Brokers, for SRUN Consultants, Inc., and received the

---

[1] Section 475.001, Florida Statutes, states:
**"475.001. Purpose**
The Legislature deems it necessary in the interest of the public welfare to regulate real estate brokers, sales associates, and schools in this state."

[2] Section 475.01(1)(a) defines the term "Broker" as follows: (a) "Broker" means a person who, for another, and for a compensation or valuable consideration directly or indirectly paid or promised, expressly or impliedly, or with an intent to collect or receive a compensation or valuable consideration therefor, appraises, auctions, sells, exchanges, buys, rents, or offers, attempts or agrees to appraise, auction, or negotiate the sale, exchange, purchase, or rental of business enterprises or business opportunities or any real property or any interest in or concerning the same, including mineral rights or leases, or who advertises or holds out to the public by any oral or printed solicitation or representation that she or he is engaged in the business of appraising, auctioning, buying, selling, exchanging, leasing, or renting business enterprises or business opportunities or real property of others or interests therein, including mineral rights, or who takes any part in the procuring of sellers, purchasers, lessors, or lessees of business enterprises or business opportunities or the real property of another, or leases, or interest therein, including mineral rights, or who directs or assists in the procuring of prospects or in the negotiation or closing of any transaction which does, or is calculated to, result in a sale, exchange, or leasing thereof, and who receives, expects, or is promised any compensation or valuable consideration, directly or indirectly therefor; and all persons who advertise rental property information or lists. A broker renders a professional service and is a professional within the meaning of s. 95.11(4)(a). Where the term "appraise" or "appraising" appears in the definition of the term "broker," it specifically excludes those appraisal services which must be performed only by a state-licensed or state-certified appraiser, and those appraisal services which may be performed by a registered trainee appraiser as defined in part II. The term "broker" also includes any person who is a general partner, officer, or director of a partnership or corporation which acts as a broker. The term "broker" also includes any person or entity who undertakes to list or sell one or more timeshare periods per year in one or more timeshare plans on behalf of any number of persons, except as provided in ss. 475.011 and 721.20.

brokerage Commission for same, in violation of Section 475.41, Florida Statutes. Notably, Section 475.011, Florida Statutes, provides exemptions from the statute's requirements. A pertinent exemption upon which the Defendant relies is that provided by Section 475.011(1), Florida Statutes, which states:

> This part does not apply to:
>
> (1) Any person acting as an attorney in fact *for the purpose of the execution of contracts or conveyances only*; as an attorney at law *within the scope of her or his duties as such*; as a *certified public accountant, as defined in chapter 473, within the scope of her or his duties as such*; as the personal representative, receiver, trustee, or general or special magistrate under, or by virtue of, an appointment by will or by order of a court of competent jurisdiction; or as trustee under a deed of trust, or under a trust agreement, the ultimate purpose and intent whereof is charitable, is philanthropic, or provides for those having a natural right to the bounty of the donor or trustor. . .

(emphasis added). Accordingly, the Defendant may have been exempt from licensure as a Broker or Sales Associate for the purpose of performing some of the acts generally restricted to Brokers and Sales Associates for SRUN Consultants, Inc. The Defendant, nonetheless, was required to be licensed to *receive a commission* for performing such acts pursuant to Section 475.41, Florida Statutes.

Section 475.41, Florida Statutes, provides:

475.41. Contracts of unlicensed persons for commissions invalid

> No contract for a commission or compensation for any act or service enumerated in s. 475.01(3) is valid unless the broker or sales associate has complied with this chapter in regard to issuance and renewal of the license at the time the act or service was performed.

The Defendant asserts that the exemption under Section 475.011 renders Section 475.41 inapplicable to him and that therefore, he can receive a commission on a sale of real estate for procuring a buyer simply because he is an attorney.

Courts addressing this issue have rejected the Defendant's position. The Florida Supreme Court has interpreted these various sections of Chapter 475 and has applied these sections to nearly identical facts, concluding that attorneys who were not licensed brokers could not share in the brokerage commission paid to the registered broker as compensation for cooperating with him in having effected the sale of real property. *Tobin v. Courshon*, 155 So.2d 785 (Fla. 1963); *see also Waltman v. Florida Real Estate Commission*, 254 So.2d 32 (Fla.3d DCA 1971) ("It may further be noted that petitioners were not exempt from the rules of the Commission simply because they were also attorneys."); *Bakst v. O'Connor & Taylor Development Corp., & TBM Associates, Inc. (In re Vilsack)*, 356 B.R. 546 (S.D. Fla. 2006). Specifically, the Court in *Tobin v. Courshon*, 155 So.2d 785 (Fla. 1963), reasoned:

> The respondents were retained by . . . Siegel, acting for himself and two associates to locate property for sale on the ocean in the vicinity of Miami Beach. The respondents were to report to Siegel for consideration any property of that description. They were to be compensated by commission paid by the seller or by sharing in any commission paid a cooperating real estate broker. . .
>
> * * *
>
> In other words, as we look at the problem now we are not impressed with the thought that lawyers may merrily engage in the real estate business just because, as was stated in the opinion, 'a lawyer, by virtue of his license, may, for particular clients perform any of the multitude of functions contemplated by the Real Estate Act.
>
> * * *
>
> . . .[W]e are not apprised by the record that what respondents did fell within the scope of their duties as attorneys at law.

> \* \* \*
>
> We are not advised by the complaint that there was any connection whatever between the activity undertaken by the respondents and any professional services they were furnishing as attorneys to the purchaser of the property, who was not even obligated to pay for whatever work they performed but, who, according to the averments of the complaint, 'authorized' them 'in carrying out * * * said retainer, to obtain compensation for their services * * * by commission to be paid * * * by the seller [not the purported client], or by participation and sharing of such commission with any real estate broker cooperating in such sale with plaintiffs [Respondents]' if the property located was eventually purchased.
>
> \* \* \*
>
> The narrow avenue through which the lawyer, not licensed as a real estate broker or salesman, may enter the ambit of the real estate broker or salesman is the one of duty owed by him in the relationship of client and attorney.
>
> \* \* \*
>
> Curiously enough, in the present case the so-called client was not binding himself to pay for the services but was trying to fasten that obligation on the seller, with whom he would ultimately deal, or the broker who would be remunerated by the seller.

Accordingly, after considering the various sections of Chapter 475 together, the Florida Supreme Court has held that an attorney is *not* exempt from the rules of the Florida Real Estate Commission simply by virtue of being an attorney. As such, the facts before this Court in the pleadings are not sufficient to grant judgment thereon. *See generally, In re Fink,* 217 B.R. 614, 622 (B.R. C.D.Cal. 1997) (court held where underlying obligation pursuant to which transfer was made is illegal or void, debtor had no valid obligation to pay the funds to transferee and therefore transfer was avoidable as fraudulent transfer under 11 U.S.C. §548); *see also Bradley v. Banks,* 260 So.2d 256 (Fla.3d DCA 1972) (court affirmed lower court ruling holding that

contract to pay a portion of commission to unlicensed person who secured property listing was void); *Meadows of Beautiful Bronson, Inc. v. E.G.L. Investment Corp.*, 353 So.2d 199, 200 (Fla.3d DCA 1978) ("Thus the agreement required by its terms, the rendition of real estate brokerage services in Florida by appellees with others who were neither licensed nor registered real estate brokers or salesmen in Florida. Such a contract is, as a matter of public policy, void and unenforceable.")

    **b.** ***Defendant is not excluded from the definition of "Broker" because he was acting as Attorney-in-Fact, and was purchasing the property for himself as opposed to purchasing it "for another"***

In addition to alleging that the Defendant falls within the purview of the exemption provided by Section 475.011, Florida Statutes, as an attorney-in-fact and as an attorney at law, the Defendant alleges that he was entitled to receive the Commission because, as attorney-in-fact, he was purchasing the property "for himself" and not as a "broker" "for another" in accordance with Sections 475.01(1)(a) and 475.41, Florida Statutes. The Court rejects this argument where, as discussed herein, the deed for the Isla Bahia Property was transferred to "SRUN Consultants, Inc."; the borrower on the closing statement is listed as "SRUN Consultants, Inc."; and the limited power of attorney filed in the public records by SRUN Consultants, Inc., states that the Defendant was given power of attorney to "acquire on behalf of [SRUN Consultants, Inc.] fee simple title from Ocean Drive, LLC. . .to. . .[the Isla Bahia Property]." Therefore, the facts before the Court at this time indicate that the Defendant's actions with respect to the Isla Bahia Property were "for" or "on behalf of" SRUN Consultants, Inc., not Defendant, raising issues of material fact rendering judgment on the pleadings inappropriate.

Likewise, the Defendant cites the case of *Central Florida Investments, Inc. v. Kott*, 579 So.2d 750 (Fla.5th DCA 1991), for the proposition that the Defendant was purchasing the property for *himself*, that the Commission was a reduction in purchase price and was only labeled a "commission", and that such an arrangement is acceptable. In *Kott*, the purchaser of the property, on behalf of itself, negotiated a reduction in purchase price, which the broker in that case agreed to allocate from its commission in an effort to close the sale. The court in that case found that (1) the buyer was not dealing in another person's property, and therefore was not a "broker," as the term was defined by the Florida Statutes; and (2) the buyer was receiving a return of a portion of, or a reduction in, the purchase price, not a "commission" on the sale of the property, despite the parties' label of the reduction as a "commission." The facts of *Kott* are distinguishable from the facts of this case where here the Defendant was not purchasing the property for himself, but was purchasing it on behalf of SRUN Consultants, Inc., and the Commission was not only labeled as a commission on the HUD 1 statement, but was in substance seemingly that – a commission on the sale of the Isla Bahia Property calculated as three percent of the purchase price.

### c. *This Court rejects Defendant's argument that the Debtor assigned the Commission to Defendant*

Next, Defendant argued at the hearing that the Debtor assigned to the Defendant half of the commission due to it and that such an assignment is permissible. Even if the Debtor did assign half of its commission to the Defendant, the Plaintiff asserts an "assignment" is nothing more than an attempt by the Defendant to circumvent the prohibition by Section 475.41, Florida Statutes. In either event, judgment on the pleadings based on the allegations raised at the hearing are insufficient to support granting judgment on the pleadings. This Court cannot grant judgment on the pleadings where there is an issue of fact as to whether an assignment occurred,

whether any consideration exchanged for the assignment was of reasonably equivalent value, and the circumstances under which any alleged assignment occurred. The Court notes that to the contrary, there is nothing in the pleadings whatsoever about an assignment from the Debtor to Defendant.

    ***d. This Court rejects Defendant's argument that if he was required to be a licensed real estate Broker or Sales Associate to receive the Commission pursuant to Section 475.41, Florida Statutes, then Section 475.41, Florida Statutes, is unconstitutional as applied to him in that it is regulating the Defendant's practice of law***

Next, Defendant argues that if Section 475.41, Florida Statutes, requires that he have had a valid license at the time that he received the Commission in order to legally receive same, then that Section is unconstitutional as applied to him in that it is regulating his practice of law; a function reserved to the judicial branch of government. This Court disagrees that the application of this Section in requiring Defendant to have a valid license to receive a commission on the sale of real property is to regulate the practice of law, and the Defendant has not cited any authority on point supporting this position. Conversely, Chapter 475 is regulating the practice of real estate sales, requires those receiving commissions on real estate sales to be properly licensed, and the Florida Supreme Court has applied it to attorneys in holding that attorneys are not exempt from its provisions simply by virtue of holding a license to practice law. Accordingly, this Court cannot grant judgment on the pleadings in favor of the Defendant and the Motion for Judgment on the Pleadings must be denied.

In conclusion, the Defendant's motion is based on allegations of unresolved and unsubstantiated facts, upon which Plaintiff is entitled to conduct discovery. As such, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Judgment on the Pleadings is DENIED.

### # # #

Submitted by:
Rilyn A. Carnahan, Esq.
Markowitz, Davis, Ringel & Trusty, P.A.
9130 South Dadeland Blvd., Suite 1225
Miami, FL 33156

Attorney Carhahan is directed to serve a copy of this Order upon all interested parties and to file a certificate of service with the Court.