

**ORDERED in the Southern District of Florida on July 05, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| IN RE: | Case No. 09-12684-BKC-AJC |
| SOL, LLC d/b/a SOL Sotheby's International Realty, | Chapter 7 |
| Debtor / | |
| Alan Goldberg | Adv. No. 09-2351-BKC-AJC-A |
| Plaintiff | |
| vs. | |
| Kurt E. Bosshardt | |
| Defendant | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ON INSOLVENCY ELEMENT OF 11 U.S.C. § 548
INCLUDED IN COUNT III OF COMPLAINT**

This matter came before the Court on March 31, 2011, at 10:20 a.m., on *Plaintiff's Motion for Summary Judgment on Insolvency Element of 11 U.S.C. § 548 Included in Count III of Complaint* [CP145] (the "Motion for Summary Judgment") filed by the Chapter 7

1

Trustee/Plaintiff, Alan L. Goldberg (the "Plaintiff" or "Trustee"). The Court, having reviewed the Motion for Summary Judgment, having heard the argument of Trustee's counsel and the defendant, Kurt Bosshardt ("Bosshardt" or "Defendant"), appearing *pro se*, and having been otherwise fully advised in the premises, grants the Summary Judgment Motion in favor of the Plaintiff based upon the following undisputed facts before the Court, and applicable law.

**UNDISPUTED FACTS AS PREVIOUSLY DETERMINED BY THE COURT**

1. On December 10, 2010, this Court entered its *Order Denying Defendant's Motion for Summary Judgment* [CP 36] *and Granting Summary Judgment in Favor of Plaintiff* (the "Order Granting Summary Judgment for Plaintiff") [CP. # 130].

2. In the Order Granting Summary Judgment for Plaintiff, this Court made the following determinations of fact:

   a. On February 18, 2009 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

   b. Thereafter, the Trustee was appointed as the Chapter 7 Trustee for the Debtor.

   c. On March 25, 2009, the Trustee conducted the section 341 Meeting of Creditors.

   d. Prior to the Petition Date, the Debtor operated as a real estate broker.

   e. Prior to the Petition Date, the Debtor acted as listing broker on behalf of South Ocean Drive, LLC, for the sale of the property located at 1 Isla Bahia Drive, Fort Lauderdale, Florida (the "Isla Bahia Property").

   f. The Debtor did in fact list the Isla Bahia Property on the Multiple Listing

      Service.

g.     The seller, South Ocean Drive, LLC, was obligated to pay its listing broker a total commission of six percent of the purchase price of the Isla Bahia Property.

h.     In or about April 2008, the sale of the Isla Bahia Property closed for a purchase price of $17,000,000.00.

i.     Kurt Bosshardt, Esq., was the attorney for the buyer of the Isla Bahia Property, SRUN Consultants, Inc., a Panama Corporation.

j.     The deed transferring the Isla Bahia Property from South Ocean Drive, LLC to SRUN Consultants, Inc., is recorded in the Official Records of Broward County, Book 45374 Page 1000.

k.     According to line 701 of the HUD 1 closing statement for the sale of the Isla Bahia Property, attached to the Complaint as Exhibit "A", Kurt Bosshardt received a three percent commission (half of the total six percent commission owed for the sale) equal to $510,000.00 (the "Commission") on the sale of the Isla Bahia Property.

l.     Also according to the HUD 1 closing statement, the Debtor and Coldwell Banker split the other half (3%, equal to $510,000.00) of the total commission as cooperating brokers on the listing side, each receiving $255,000.00.

m.     Defendant was not a licensed real estate salesperson or broker at the time that he received the $510,000.00 Commission on the sale of the Isla Bahia Property.

3. In conclusion, this Court denied the Defendant's request for summary judgment and granted summary judgment in favor of the Trustee on Count IV of the Complaint (mislabeled in the Complaint as Count VI), finding that there are no genuine issues of material fact with respect to the elements required for this Court to provide declaratory relief, and determining that the transfer of the $510,000.00 commission to the Defendant was prohibited by law and void. In addition, this Court granted partial summary judgment in favor of the Trustee on all elements of his fraudulent transfer claim in Count III of the Complaint, pursuant to 11 U.S.C. §548(a)(1)(B), except for the element of insolvency – because there had been no evidence of the Debtor's financial condition presented to this Court at that time.

4. The Trustee now moves for summary judgment on the element of insolvency as set forth in 11 U.S.C. §548(a)(1)(B), arguing that the undisputed evidence in the record established that there are no genuine issues of material fact regarding the Debtor's insolvency, and that the Trustee is entitled to summary final judgment as a matter of law.

## DISCUSSION

### SUMMARY JUDGMENT STANDARD

5. Rule 56 of the Federal Rules of Civil Procedure provides that "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Rollins v. TechSouth, Inc.*,* 833 F.2d 1525 (11th Cir. 1987); Rice v. Braniger Organization, Inc.*,* 922 F.2d 788 (11th Cir. 1991); In re Pierre*,* 198 B.R. 389 (Bankr.S.D.Fla. 1996). Rule 56 is based upon the principle that if the Court is made aware of the absence of any genuine issues of

material fact, it should, on motion, promptly adjudicate the legal questions which remain and terminate the case, thus avoiding the delay and expense associated with a trial. U.S. v. Feinstein, 717 F.Supp. 1552 (S.D.Fla.1989). Rule 56 is incorporated within Federal Rule of Bankruptcy Procedure 7056.

6.      "Summary judgment is properly regarded not as a disfavored procedural shortcut, but rather, as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). The legal principle concerning the standard governing the issuance of summary judgment has been articulated by the United States Supreme Court in Celotex and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986).

7.      In Celotex, and Anderson, the Supreme Court focused on the question of what constitutes a genuine issue of material fact within the meaning of Rule 56. The principal effect of these decisions is the express adoption of a standard that when the moving party is able to demonstrate that the non-moving party has insufficient evidence of any element that is essential to its case, the moving party is entitled to judgment as a matter of law. In Celotex, supra, the Court held that the moving party may satisfy the burden imposed by Rule 56 in two ways: the moving party may submit affidavit evidence that negates an essential element of the non-moving party's claim and/or the moving party may demonstrate that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. Id. at 328.

8.      In Anderson, supra, the Court stated that the standard for summary judgment mirrors the standard for a directed verdict under Rule 50(a), Fed.R.Civ.P., which provides that the trial judge must direct a verdict if there can be but one reasonable conclusion as to the verdict. Id. at 250. Essentially, the question is whether "the evidence present[s] sufficient

factual disagreement to require submission to the fact-finder or is the controversy so one-sided that one party must prevail as a matter of law." Id.

9. In order to defeat a motion for summary judgment under this standard, the non-moving party must do more than simply show that there is some doubt as to the facts of the case. Id. Rule 56, Fed.R.Civ.P. must be construed not only with regard to persons asserting claims, but also with regard to the rights of persons opposing such claims to demonstrate that the claims have no factual basis. Id. "The mere existence of a scintilla of evidence in support of the [opposing party's] position will not be sufficient to forestall [the entry of summary judgment]." Anderson at 252. Thus, the party opposing the motion for summary judgment must establish the existence of a genuine issue of material fact and may not rest upon its pleadings or mere assertions of disputed fact to defeat the motion for summary judgment. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968); Resolution Trust Corporation by the FDIC v. Clark, 741 F.Supp. 896 (S.D.Fla. 1990); In re Pierre, 198 B.R. 389 (Bankr.S.D.Fla. 1996).

## ARGUMENT

### A. *This Court Has Jurisdiction To Hear The Motion For Summary Judgment*

10. As a preliminary matter, and in response to questions raised by the *pro se* Defendant during oral argument, the Court notes that an appeal to the district court does not stay the remaining bankruptcy court proceedings unless the district court or bankruptcy court issues a stay pending appeal. See 28 U.S.C. 158(d)(2)(D). Additionally, Fed. R. Bankr. P. 7054(b) provides that where an order or judgment fails to resolve all pending claims in an action, then the order or judgment does not end the action as to the remaining unadjudicated claims. See, e.g., City of New York v. Beretta U.S.A. Corp., 234 F.R.D. 46 (E.D.N.Y. 2006) (interlocutory

appeals do not generally divest the lower court of jurisdiction over issues not under consideration in the appeal).

11.     The Order Granting Summary Judgment for Plaintiff is an interlocutory order, completely resolving only one count of a five count complaint against the Defendant. Moreover, the Order Granting Summary Judgment for Plaintiff specifically recognizes that the element of insolvency remains to be adjudicated in this Court as to the fraudulent transfer claim in Count III of the Complaint. Indeed, the Defendant has never sought a stay of the bankruptcy court proceedings from the district court or the bankruptcy court. Perhaps most importantly, the Defendant has provided no basis in law or fact for the Court to decline consideration of the Motion for Summary Judgment.

### B. *The Debtor Was/Is Insolvent At All Times Relevant To This Proceeding*

12.     11 U.S.C. §548(a)(1) provides:

> The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> * * *
>
> **(B)(i)** received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> **(ii)(I)** was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . .

### *The Debtor was insolvent on the date that the $510,000.00 transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation*

As discussed above, this Court has already granted summary judgment in favor of the Trustee on all other elements of 11 U.S.C. §548(a)(1)(B)(i). With respect to the insolvency requirement, the Trustee has proffered the sworn declaration (the "Declaration") of his disclosed expert witness, Soneet R. Kapila, CPA [CP 157-1] ("Kapila"). The Declaration affirms and attests to the analyses and findings set forth in Kapila's expert report [Exhibit A to CP 145] (the "Kapila Report"). Kapila summarizes his conclusions regarding the insolvency of the Debtor on page 2 of the Kapila Report, noting that "SOL was insolvent at March 21, 2008 and at all times through the Petition Date ... the financial condition of SOL [the Debtor] was such that the sum of its obligations was greater than all of its property valued at fair value ...." Kapila attests that his determinations regarding the Debtor's insolvency are based on "a detailed analysis of the assets and liabilities of SOL at the Petition Date."

Pursuant to 11 U.S.C. § 101(32)(A), "'insolvent' means - with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entities property, at a fair valuation, exclusive of property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and property that may be exempted from property of the estate under section 522 [of Title 11]."

The Court accepts and adopts the findings and conclusions of Kapila regarding the Debtor's insolvency. As of the date of the transfer of the $510,000.00 commission, the record confirms that the Debtor was insolvent as defined by 11 U.S.C. § 101(32)(A), as its debts were greater than the total of all of its assets. Notably, the Defendant has failed to produce any evidence to refute Kapila's analysis, methodology, or conclusions. And a review of the record

confirms that the Defendant has not disclosed or identified any expert witness for the defense and the deadline for doing so passed long ago. In fact, the Defendant, through his former counsel, stipulated to the Debtor's insolvency at the time of the transfer of the $510,000.00 commission. [Exhibit B to CP 145].[1]

Therefore, the Trustee has established that no genuine issues of material fact exist as to the Debtor's insolvency on the date of the $510,000.00 commission transfer, and on all dates thereafter through the Petition Date. This Court has already found that the transfer of the $510,000.00 was made within two years before the date of the filing of the petition and that the Debtor received less than a reasonably equivalent value in exchange for such transfer. Accordingly, the Trustee respectfully requests that this Court enter summary judgment with respect to the insolvency element of 11 U.S.C. 548(a)(1)(B), as set forth in Count III of the Trustee's Complaint, finding that the transfer of the $510,000.00 commission to Kurt Bosshardt was a fraudulent transfer, as defined by 11 U.S.C. §548(a)(1)(B), and is therefore avoided and recoverable from the Defendant pursuant to 11 U.S.C. §550.

## CONCLUSION

There are no genuine issues of material fact with respect to the insolvency element of 11 U.S.C. 548(a)(1)(B). It is apparent from the undisputed evidence in the record that the Debtor was insolvent on the date that the $510,000.00 commission was transferred to the Defendant, and on all dates thereafter through the Petition Date. The Plaintiff is entitled to the entry of summary judgment as a matter of law with respect to each of the elements of Count III of the Complaint. The Plaintiff is entitled to avoid and recover the amount of the $510,000.00 commission transfer from the Defendant, pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1). It is hereupon,

---

[1] The Kapila Report was provided to Defendant's counsel Robert Edwards, Esq. on June 11, 2010 by e-mail. At that time, the Defendant's counsel responded: "Again, we stipulate the Debtor was/is insolvent . . . ".

ORDERED AND ADJUDGED as follows:

1. Final Summary Judgment is GRANTED in favor of the Plaintiff on Count III of the Complaint on all of the elements of 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1).

2. Judgment is entered against Defendant, Kurt Bosshardt, and in favor of Plaintiff, Alan Goldberg, as Trustee, in the amount of $510,000.00, plus interest and costs, for which let execution issue.

# # #